UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM GRANT and ) | |
| GRANT PROFESSIONAL PAINTING ) | |
| SERVICES, LLC, ) | |
| ) | |
| Plaintiffs, ) | 3:17-cv-00008-RLY-MPB |
| ) | |
| vs. ) | |
| ) | |
| PERFORMANCE CONTRACTING, INC., ) | |
| HUNT CONSTRUCTION GROUP, INC., ) | |
| and HCW EVANSVILLE HOTEL, LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants, Performance Contracting, Inc. ("PCI) and Hunt Construction Group, Inc., move to compel arbitration and to stay proceedings as to Counts I-VII of the Complaint filed by Plaintiffs, William Grant and Grant Professional Painting Services, LLC ("GPPS"). For the reasons that follow, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

**I.    Background**

Plaintiffs' seven-count Complaint against the Defendants arises out of the construction of the Doubletree Hotel & Conference Center facility located in downtown Evansville. Hunt was the project General Contractor and subcontracted a portion of the work to PCI, which in turn subcontracted a portion of the work to Plaintiff GPPS. The

Subcontract between PCI and GPPS relating to the Project contained an arbitration clause which provides, in relevant part:

> All disputes arising under this Subcontract shall be determined in accordance with the dispute resolution mechanism set forth in the Contract Documents, including without limitation, any requirements for joinder and consolidation of claims. Unless the parties mutually agree otherwise, in the absence of any such dispute resolution mechanism provided in the Contract Documents, **all claims, disputes, and other matters in question between Contractor and the Subcontractor shall be decided by arbitration** and in accordance with the **Construction Industry Arbitration Rules** of the American Arbitration Association then in effect, . . . . In any such event, the Subcontractor shall not be entitled to recover any greater amount from the Contractor as the Contractor shall obtain from the Upper Tier Contractor(s) or Owner with respect to the Subcontractor's Work.

(Filing No. 1-5, Subcontract Agreement, Art. 32) (emphasis added). Plaintiffs consent to submitting Counts II-VII[1] of their Complaint to arbitration. However, Plaintiffs object to Defendants' Motion as it pertains to Count I for race discrimination under 42 U.S.C. § 1981.

## II.   Legal Standard

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, states that arbitration provisions in commercial contracts "shall be valid, irrevocable, and enforceable, save upon grounds such as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[I]f the parties have a valid arbitration agreement and the asserted claim is within the scope of the agreement," the arbitration clause must be enforced. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (citing *Kiefer Specialty Flooring, Inc. v.*

---

[1] Those counts are for breach of contract (Counts II and III), unjust enrichment (Count IV), promissory estoppel (Count V), fraudulent inducement (Count VI), and lien foreclosure (Count VII).

*Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)). "Although it is often said that there is a federal policy in favor of arbitration, federal law places arbitration clauses on equal footing with other contracts, not above them." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) (citing *Rent-A-Center, West, Inc. v.* Jackson, 561 U.S. 63, 68 (2010)).

    A.    **Motion to Compel Arbitration**

To compel arbitration, a party must show: "(1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). "The party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration." *Paragon Micro, Inc. v.* Bundy, 22 F.Supp.3d 880, 887 (N.D. Ill. 2014). Under the FAA, however, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

In the present case, Plaintiffs argue the arbitration clause at issue is not enforceable for two reasons: (1) their Section 1981 race discrimination claims are not within the scope of the arbitration agreement, and (2) the arbitration clause impermissibly limits the remedies and monetary award available to them. Because the court resolves this Motion on the basis of the first argument above, it will not address the second.

The terms of Article 32 provide that "all claims, disputes, and other matters in question between Contractor and the Subcontractor shall be decided by arbitration and in

3

accordance with the Construction Industry Arbitration Rules." The court interprets Article 32 under state laws of contract interpretation—here, the law of Indiana applies. *Stone v. Doerge*, 328 F.3d 343, 345 (7th Cir. 2003). Under Indiana law, the court is required to consider the contract as a whole, and accept an interpretation of the contract that harmonizes its provisions and not one which places the provisions in conflict. *Whitaker v. Brunner*, 814 N.E.2d 288, 294 (Ind. Ct. App. 2004).

    Courts in this circuit compel arbitration where the arbitration clause encompasses claims that relate to the employee's employment or termination of employment. *See Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) (finding discrimination claim subject to arbitration where securities representative's Form U-4 required arbitration of all disputes, including employment disputes, between members and registered representatives); *Wright v. Washington Mut. Home Loans, Inc.*, No. 08 C 4423, 2009 WL 2704577, at *2 (N.D. Ill. Aug. 20, 2009) (finding discrimination claim fell within the scope of an arbitration clause that included "[a]ny and all disputes that involve or relate in any way to [plaintiff's] employment (or termination of employment) with Washington Mutual"). *See also Michalski v. Circuit City Stores, Inc.*, 177 F.R.D. 634, 635 (7th Cir. 1999) (finding policy which asked all employees to agree to have employment related disputes, including Title VII discrimination suits, decided in binding arbitration subject to binding arbitration); *Farris v. Western and Southern Life Ins. Co.*, 1:14-cv-421-WTL-DML, 2014 WL 5465947, at *3 (S.D. Ind. Oct. 28, 2014) (finding discrimination claim within the scope of arbitration clause where it included claims for discrimination); *Chambliss v. Darden Rest., Inc.*, No. 1:12-cv-485-SEB-MJD, 2012 WL

4

4936400, at *3 (S.D. Ind. Oct. 15, 2012) (finding discrimination claim fell within arbitration clause that applied to "all employment-related disputes or claims brought by the Employee against the Company," including disputes about "discrimination and harassment"); *Westmeier v. Meijer Grocery Store*, No. 4:10-cv-46-TWP-WGH, 2010 WL 5104825, at * 2 (S.D. Ind. Dec. 7, 2010) (finding discrimination subject to arbitration where Meijer's Dispute Resolution Policy included "all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer" and noted that claims subject to arbitration included "claims of employment discrimination"). Here, by contrast, the arbitration clause applies to claims "arising under" the Subcontract, thus limiting the reach of the provision to the terms of the contract itself. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) (noting that the term "'arising under' may denote a dispute somehow limited to the interpretation and performance of the contract"; whereas the phrase 'arising out of' reaches all disputes having their origin or genesis in the contract"). The terms of the Subcontract relate solely to Plaintiffs' drywall finishing work.

Furthermore, Article 32 contains a limitation on damages that limits Plaintiffs' potential recovery to the monetary value of their work on the Project:

> In any such event, the Subcontractor shall not be entitled to recover any greater amount from the Contractor as the Contractor shall obtain from the Upper Tier Contractor(s) or Owner with respect to the Subcontractor's Work.

(Arbitration Agreement, Art. 32). And last, but not least, any arbitration between the Contractor and Subcontractor must be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. Those rules apply to

5

construction-related disputes. *See* Construction Industry Arbitration Rules and Mediation Procedures, www.adr.org/sites/default/ files/Construction%20Rules.pdf, last visited July 14, 2017.

After considering the entirety of Article 32 coupled with Subcontract Agreement as a whole, the court finds Plaintiffs' Section 1981 claim for race discrimination is not within the scope of Article 32. Therefore, Count I is not subject to arbitration.

### B.  Motion to Stay

Pursuant to 9 U.S.C. § 3, Counts II-VII must be stayed. *Volkawagen of America v. Sud's of Peoria*, 474 F.3d 966, 971 (7th Cir. 2007) ("For arbitrable issues, a § 3 stay is mandatory"). Whether to stay the litigation of a non-arbitrable claim like Count I is a matter of the court's discretion. *Id.* at 972.

Here, Plaintiff's Section 1981 claim is premised on the same facts as those which form the basis of Counts II, IV, V, VI, and VII—the alleged failure by PCI to pay Plaintiffs for their services. (*See* Filing No. 1, Compl. ¶¶ 52-53). Because the arbitration will resolve this pivotal issue, the court finds the interests of justice warrant that Count I be stayed pending the resolution of Plaintiffs' arbitrable claims.

### III. Conclusion

Accordingly, Defendants' Motion to Compel Arbitration and to Stay Proceedings (Filing No. 25) is **GRANTED in part** and **DENIED in part**. The Motion is **DENIED** with respect to Count I and **GRANTED** with respect to Counts II-VII of Plaintiffs' Complaint. Counts I-VII are **STAYED** pending the disposition of the arbitration of Counts II-VII.

**SO ORDERED** this 24th day of July 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.